UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOUGLAS PAQUETTE, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>INTERNATIONAL DIRECT GROUP, INC. and THE TJX COMPANIES, INC.<br><br>*Defendants.* | No. 05-419T |

**ANSWER**

Defendant International Direct Group, Inc. ("IDG"), by its undersigned counsel, for its Answer to Plaintiff's Complaint, hereby states as follows:

1. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. IDG admits the allegations contained in Paragraph 2 of the Complaint insofar as they allege that IDG is a New York corporation with offices located in New York, New York. The remaining allegations contained in Paragraph 2 of the Complaint constitute an averment of law to which no responsive pleading is required.

3. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Upon information and belief, IDG admits the allegations contained in Paragraph 7 of the Complaint insofar as they allege that TJX has sold and offered for sale "Khakis International" Capri Pants, style 661375. Except as expressly admitted hereby, IDG denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. IDG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. IDG denies the allegations contained in Paragraph 9 of the Complaint.

10. IDG denies the allegations contained in Paragraph 10 of the Complaint.

11. IDG denies the allegations contained in Paragraph 11 of the Complaint.

## COUNT I

**(Copyright Infringement – U.S. Copyright Certificate of Registration No. VA 1-203-163)**

12. The allegations contained in Paragraphs 1 through 11 constitute an averment to which no responsive pleading is required.

13. IDG denies the allegations contained in Paragraph 13 of the Complaint.

14. IDG denies the allegations contained in Paragraph 14 of the Complaint.

15. IDG denies the allegations contained in Paragraph 15 of the Complaint.

16. IDG denies the allegations contained in Paragraph 16 of the Complaint.

WHEREFORE, IDG respectfully requests that Count I be dismissed, that Plaintiff be denied all relief sought thereby, and that IDG be awarded such further relief appropriate under the circumstances.

**COUNT II**

**(Violation of Section 43(a) of the Lanham Act)**

17. The allegations contained in Paragraphs 1 through 16 constitute an averment to which no responsive pleading is required.

18. IDG denies the allegations contained in Paragraph 18 of the Complaint.

WHEREFORE, IDG respectfully requests that Count II be dismissed, that Plaintiff be denied all relief sought thereby, and that IDG be awarded such further relief appropriate under the circumstances.

**COUNT III**

**(Misappropriation)**

19. The allegations contained in Paragraphs 1 through 18 constitute an averment to which no responsive pleading is required.

20. IDG denies the allegations contained in Paragraph 20 of the Complaint.

21. IDG denies the allegations contained in Paragraph 21 of the Complaint.

22. IDG denies the allegations contained in Paragraph 22 of the Complaint.

WHEREFORE, IDG respectfully requests that Count III be dismissed, that Plaintiff be denied all relief sought thereby, and that IDG be awarded such further relief appropriate under the circumstances.

**COUNT IV**

**(Dilution)**

23. The allegations contained in Paragraphs 1 through 22 constitute an averment to which no responsive pleading is required.

24. IDG denies the allegations contained in Paragraph 24 of the Complaint.

WHEREFORE, IDG respectfully requests that Count IV be dismissed, that Plaintiff be denied all relief sought thereby, and that IDG be awarded such further relief appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state claims upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

The Certificate of Registration attached as Exhibit B to Plaintiff's Complaint does not properly identify and protect the design(s) at issue in Plaintiff's Complaint.

### Sixth Affirmative Defense

The designs identified on Exhibit A to Plaintiff's Complaint are not substantially similar.

### Seventh Affirmative Defense

Plaintiff's designs lack sufficient originality to be subject to copyright protection.

**Eighth Affirmative Defense**

Plaintiff's claims for copyright infringement are barred for lack of subject matter jurisdiction because Plaintiff lacks a federal registration for the asserted copyrighted designs.

December 1, 2005

**INTERNATIONAL DIRECT GROUP INC.**

By its Attorneys,

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

Of counsel:

Elliot L. Schaeffer
Emil A. Samman
Schaeffer & Krongold, LLP
450 Seventh Avenue
New York, New York 10123
212 279 3467
212 695 3575 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2005, I caused this document to be sent via first-class mail, postage prepaid, to:

Michael H. Feldhuhn, Esq.
56 Pine Street
Suite 200
Providence, RI 02903

*Counsel for Plaintiff*

Larry C. Jones, Esq.
Alston & Bird LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000

*Counsel for The TJX Companies, Inc.*

William M. Dolan III