UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOUGLAS PAQUETTE, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNATIONAL DIRECT GROUP, INC. and THE TJX COMPANIES, INC.<br><br>*Defendants*. | No. 05-419T |

**ANSWER**

Defendant The TJX Companies, Inc. ("TJX"), by its undersigned counsel, for its Answer to Plaintiff's Complaint, hereby states as follows:

1. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. TJX admits the allegations contained in the first sentence of Paragraph 3. With respect to the allegations contained in the second sentence of Paragraph 3, TJX admits that, solely for the purposes of this lawsuit, it is subject to the personal jurisdiction of this Court. With respect to the allegations contained in the third sentence of Paragraph 3, TJX admits that it operates, directly or through its subsidiaries, T.J. MAXX, MARSHALLS, HOMEGOODS, A.J. WRIGHT and BOB'S retail stores in Rhode Island and various other states. Except as expressly admitted hereby, TJX denies the allegations contained in Paragraph 3 of the Complaint.

4. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. TJX admits the allegations contained in Paragraph 7 of the Complaint insofar as they allege that TJX has sold and offered for sale "Khakis International" Capri Pants, T.J. MAXX style 661375. Except as expressly admitted hereby, TJX denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. TJX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. TJX denies the allegations contained in Paragraph 9 of the Complaint.

10. TJX denies the allegations contained in Paragraph 10 of the Complaint.

11. TJX denies the allegations contained in Paragraph 11 of the Complaint.

## COUNT I

## (Copyright Infringement – U.S. Copyright Certificate of Registration No. VA 1-203-163)

12. The allegations contained in Paragraph 12 constitute an averment to which no responsive pleading is required.

13. TJX denies the allegations contained in Paragraph 13 of the Complaint.

14. TJX denies the allegations contained in Paragraph 14 of the Complaint.

15. TJX denies the allegations contained in Paragraph 15 of the Complaint.

16. TJX denies the allegations contained in Paragraph 16 of the Complaint.

WHEREFORE, TJX respectfully requests that Count I be dismissed, that Plaintiff be denied all relief sought thereby, and that TJX be awarded such further relief appropriate under the circumstances.

**COUNT II**

**(Violation of Section 43(a) of the Lanham Act)**

17. The allegations contained in Paragraph 17 constitute an averment to which no responsive pleading is required.

18. TJX denies the allegations contained in Paragraph 18 of the Complaint.

WHEREFORE, TJX respectfully requests that Count II be dismissed, that Plaintiff be denied all relief sought thereby, and that TJX be awarded such further relief appropriate under the circumstances.

**COUNT III**

**(Misappropriation)**

19. The allegations contained in Paragraph 19 constitute an averment to which no responsive pleading is required.

20. TJX denies the allegations contained in Paragraph 20 of the Complaint.

21. TJX denies the allegations contained in Paragraph 21 of the Complaint.

22. TJX denies the allegations contained in Paragraph 22 of the Complaint.

WHEREFORE, TJX respectfully requests that Count III be dismissed, that Plaintiff be denied all relief sought thereby, and that TJX be awarded such further relief appropriate under the circumstances.

**COUNT IV**

**(Dilution)**

23. The allegations contained in Paragraph 23 constitute an averment to which no responsive pleading is required.

24. TJX denies the allegations contained in Paragraph 24 of the Complaint.

WHEREFORE, TJX respectfully requests that Count IV be dismissed, that Plaintiff be denied all relief sought thereby, and that TJX be awarded such further relief appropriate under the circumstances.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff has failed to state claims upon which relief may be granted.

**Second Affirmative Defense**

The allegedly infringing belt designs and the designs identified on Exhibit A to Plaintiff's Complaint are not substantially similar.

**Third Affirmative Defense**

Plaintiff's designs lack sufficient originality to be subject to copyright protection.

**Fourth Affirmative Defense**

One or more of Plaintiff's claims are preempted by federal copyright laws.

December 13, 2005

**THE TJX COMPANIES, INC.**

By its Attorneys,

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2005, I caused this document to be sent via facsimile and first-class mail, postage prepaid, to:

Michael H. Feldhuhn, Esq.
56 Pine Street
Suite 200
Providence, RI 02903

*Counsel for Plaintiff*

Brian J. Lamoureux

# 50220257 v1 - LAMOURBJ - 025621/0001